## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MR. DEVON FRYER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-4783** |
| | : | |
| **PHILDELPHIA PARKING** | : | |
| **AUTHORITY,** *et al.*, | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM</u>

**Goldberg, J.**                                                                                    **January 5, 2021**

Plaintiff Devon Fryer, a prisoner currently incarcerated at SCI Phoenix, initially filed this civil action in the form of a letter. (<u>See</u> ECF No. 1.) An Order filed on October 9, 2020 directed the Clerk of Court to send Fryer a form complaint and directed Fryer to pay the filing fee or move to proceed *in forma pauperis*. He was also directed to refile his claims as an amended complaint using the form complaint. (ECF No. 3.) Fryer returned with an Amended Complaint ("AC") on October 26, 2020 in which he asserts civil rights claims pursuant to 42 U.S.C. § 1983. (ECF No. 8.) Named as Defendants are the Philadelphia Parking Authority ("PPA") and three of its employees. Fryer also seeks to proceed *in forma pauperis* and has submitted a copy of his institutional account statement. For the following reasons, I will grant Fryer leave to proceed *in forma pauperis* and dismiss his Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

1

## I.    FACTUAL ALLEGATIONS[1]

Fryer alleges that the PPA committed negligence when "they were informed they were in receipt of stolen property and were notified to contact police authorities." (ECF No. 8 at 3.) He claims that all Defendants "failed to contact legal authorities to report they are in receipt of stolen property. They sold my vehicle while in the know it was reported stolen." (Id. at 4.) He claims the theft occurred in Darby, Pennsylvania in January 2017. (Id. at 4, 6.) Fryer was incarcerated at the time of the theft. (Id. at 6.) As damages, he seeks a new Audi and money to modify the car. (Id.)

Attached to the form AC are several typed pages in which Fryer adds that he tried to contact the PPA by letter to inform them they were in receipt of stolen property, specified he was the legal owner of the car, and tell them he was incarcerated at the times the car had been ticketed. (Id. at 14.) He asserts he told PPA employees Mandy Clark, Stacey Lawler, and Robert Barilli that his car had been stolen at the time it was ticketed. (Id.) He alleges the Defendants did not take any responsibility for their actions or take steps to ensure that a victim of theft could retrieve his stolen property. (Id. at 15.)

## II.    STANDARD OF REVIEW

I grant Fryer leave to proceed in forma pauperis because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires me to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to

---

[1] The allegations are taken from the AC. (See ECF No. 8.) I adopt the pagination supplied by the CM/ECF docketing system.

[2] However, as Fryer is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. See 28 U.S.C. § 1915(b).

dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires that I determine whether the AC contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice. Id. As Fryer is proceeding *pro se*, I construe his allegations liberally.  Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). For the following reasons, Fryer has failed to state a claim.

As noted, Fryer asserts claims against the Defendants only alleging they were negligent in selling his car after he reported it stolen.  The United States Supreme Court has held that § 1983 claims may not be predicated on a state actor's mere negligence.  See Canton v. Harris, 489 U.S. 378, 387 (1989) (holding that mere negligence in training cannot form basis of § 1983 liability); Daniels v. Williams, 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"). Because negligence cannot be the basis for a constitutional claim, the § 1983 claim must be dismissed.

Having dismissed his federal claims, I will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims for negligence.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court

3

jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (quoting Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) and Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. See Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  Pierro v. Kugel, 386 F. App'x 308, 309 (3d Cir. 2010).  It is the plaintiff's burden to establish diversity of citizenship, see Gibbs v. Buck, 307 U.S. 66, 72 (1939); Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp., 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); Jackson v. Rosen, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Fryer does not allege the citizenship of the parties.  Rather, he provides only addresses for the individual Defendants at their place of employment with the PPA.  Accordingly, Fryer has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

**IV.     CONCLUSION**

For the foregoing reasons, I will dismiss Fryer's civil rights claim for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Because it appears that any attempt to further amend the civil rights claim will prove futile, the dismissal will be with prejudice.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-113 (3d Cir. 2002).  Fryer's state law claim for negligence will be dismissed without prejudice for lack of subject matter jurisdiction.  Fryer may raise that claim in an appropriate state court.  An appropriate Order follows.